# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEEDEE HIETT AND RAMON MAGDALENO,<br><br>Plaintiffs,<br><br>v.<br><br>STANISLAUS REGIONAL HOUSING AUTH., et al.,<br><br>Defendants. | Case No. 1:22-cv-00612-JLT-EPG<br><br>ORDER GRANTING UNOPPOSED MOTION TO REMAND AND AWARDING ATTORNEY'S FEES AND COSTS<br><br>(Doc. 6) |

Plaintiffs commenced this action in the Superior Court for the County of Stanislaus on September 13, 2021. (*See* Doc. 1 at 2.) Plaintiffs appear to have filed a second amended complaint in that court on February 28, 2022. (Doc. 1 at 10.) On May 23, 2022, Plaintiffs filed a notice of removal, attempting to remove this action to this Court pursuant to 28 U.S.C. § 1441(a). (*See generally* Doc. 1.) On June 16, 2022, Defendants timely filed a motion to remand pursuant to 28 U.S.C. § 1447, pointing out, among other things, that a *plaintiff* is not authorized to remove a case pursuant to 28 U.S.C. § 1441. This is indisputably correct. Section 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ***by the defendant or the defendants***, to the district court of the United States for the district and division embracing the place where such action is pending.

1

(Emphasis added.) In fact, "none of the statutes governing removal provide for removal by a plaintiff or petitioner." *Magee v. California*, No. CV17-9164 AB (FFM), 2017 WL 6561150, at *1 (C.D. Cal. Dec. 19, 2017). Plaintiffs failed to oppose the motion to remand. Because removal under § 1441(a) is facially unavailable to plaintiffs, the Court will grant the motion to remand.

In addition, Defendants request an award of attorney's fees and costs incurred in connection with their motion to remand. As a general matter, pursuant to 28 U.S.C § 1447, an order of remand may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Attorneys' fees and costs are only available under 28 U.S.C. § 1447(c) if the removing defendant "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Gallo v. Unknown No. of Identity Thieves*, 254 F. Supp. 3d 1096, 1105 (N.D. Cal. 2017). That certainly is the case here, as the removal statute is facially inapplicable under the circumstances.

Even where removal was objectively unreasonable, courts sometimes decline to enter fee awards under § 1447 where the removing party is *pro se*. "In deciding whether to award fees and costs against a pro se [party] under these standards, courts . . . recognize the lack of legal assistance to be significant, and frequently decline to award fees and costs against pro se litigants under § 1447(c)." *Saso v. Genho*, No. 21-CV-02030-BLF, 2021 WL 1530215, at *2 (N.D. Cal. Apr. 19, 2021) (internal citation and quotation omitted); *see also Consumer Solutions Reo, LLC v. White*, No. C 08–02308 SI, 2008 WL 5233101, *1 (N.D. Cal. Dec.12, 2008) (declining to award fees in remanding an unlawful detainer case because the motion to remand "did not raise complex issues and the defendant [was] pro se"); *Citibank N .A. v. Ortiz*, No. 08cv1301–LAB (RBB), 2008 WL 4771932, *2 (S.D. Cal. Oct. 28, 2008) (declining to award fees when remanding an unlawful detainer case removed by a pro se defendant, despite plaintiff's argument that the court should "construe the attempted removal as a tactic to delay and otherwise impede its right to recover possession of its real property").

Here, however, the record strongly suggests Plaintiffs are engaging in a bad faith attempt to evade adjudication in state court. As the Defendants explain in their motion to remand, Defendants successfully demurred Plaintiff's first amended complaint, resulting in the demurrer

2

being sustained without leave to amend as to most of the claims asserted and with leave to amend as to three claims. (*See* Doc. 6-2 at 6–7.) Nonetheless, the second amended complaint filed in state court re-asserted claims for which amendment was specifically not permitted. (*Id*. at 7.) Defendants filed their demurrer to the second amended complaint, which was set to be heard May 25, 2022. (*Id*. at 8 & Ex. B.) The state court also issued an order to show cause regarding Plaintiff Magdaleno's status as a vexatious litigant in state court and set that matter to be heard on May 25, 2022, alongside the demurrer.  (*See id*. at 8–9 & Ex. C.) Two days before that hearing was set to take place, Plaintiffs filed their notice of removal in this Court. Under these circumstances, a fee award of some kind is appropriate.  *Wells Fargo Bank, N.A. v. Lombera*, No. 12-CV-03496-LHK, 2012 WL 4370362, at *2 (N.D. Cal. Sept. 24, 2012 (finding bad faith where pro se litigant removed again after remand); *see also Townsend v. Sullivan*, C–08–3745–SBA, 2009 WL 112946 at *2 (N.D. Cal., Jan.16, 2009) (finding pro se status was an insufficient basis for denying fees and costs under § 1447(c); removal was in bad faith given that, among other things, removal took place on the day before pro se party was scheduled to appear in state court).

      Defense counsel has not provided any information regarding his hourly rate or the hours expended preparing the motion to remand. Although Defendants filed an 18-page memorandum in support of its motion to remand, the Court finds much of that briefing to be unnecessary under the circumstances, given the facial inapplicability of 28 U.S.C. § 1441(a). Therefore, the Court will issue an award to cover three hours of attorney time, which the Court finds to be a reasonable amount of time to present the issues. Judges in the Eastern District of California have found reasonable hourly rates to range from $200.00 to $425.00 per hour. *See Bledsoe v. Martinez*, No. 2:18-CV-2710-JAM-KJN, 2021 WL 2188131, at *3 (E.D. Cal. May 28, 2021). Because counsel did not attach a declaration indicating his customary hourly rate, the Court will adopt the hourly rate of ($200.00)[1] for a total award of $600.00. Defendants may also file a bill of costs to claim any allowable costs associated with the removal and remand.

---

[1] Though the California State Bar shows Defense counsel was admitted to practice in California in 1982, even in the complete absence of specific record information about hourly rates, $200.00 has been deemed reasonable for attorneys with substantial years of practice. *Bledsoe*, 2021 WL 2188131, at *3.

**CONCLUSION AND ORDER**

For the reasons set forth above:

(1) Defendants' motion to remand (Doc. 6) is **GRANTED.**

(2) The Clerk of Court is directed to remand this action to the Superior Court for the County of Stanislaus.

(3) Defendants' motion for attorney's fees and costs is **GRANTED**. Defendants are **AWARDED** $600.00 in attorney's fees under 28 U.S.C § 1447. Defendants may also file a bill of costs to recover any allowable costs associated with the removal and remand.

IT IS SO ORDERED.

Dated:   **October 7, 2022**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE